Announced Tuesday, December 29

38824. State of Ohio, appellee v. Davis, appellant. Appeal from the Court of Appeals for Franklin County.

Taft, Chief Justice.

1. Where there has been an illegal search and seizure of evidence tending to incriminate an accused and such accused and his counsel know about such search and seizure in ample time to prepare and file a pretrial motion to suppress such evidence, a failure to do so will amount to a waiver by the accused of his right to object to admission of that evidence against him.

2. Where counsel for an accused objects to admission of a confession on the specific ground that it was not voluntarily made and there is no evidence to support a conclusion that it was not voluntarily made, the accused cannot, after trial, successfully maintain that the court erred in overruling the objection by then relying upon a valid ground for his objection which was not called to the court's attention at a time when such error could have been avoided and corrected.

Judgment affirmed.

Zimmerman, Matthias, Griffith and Herbert, JJ., concur.

O'Neill and Gibson, JJ., dissent.

38599. The State, ex rel., The Andersons, a Limited Partnership, appellant v. Masheter, Director of Highways, appellee.

Matthias, J.

Where the construction of a bridge across a navigable stream is properly authorized, riparian owners who have access to the navigable part of the stream but who are cut off from navigation to and from the outside world have no constitutional right to compensation.

Judgment affirmed.

Taft, C. J., Zimmerman, O'Neill, Griffith and Gibson, JJ., concur.

Herbert, J., dissent.

38488. State of Ohio, appellee v. Gray, appellant. Appeal from the Court of Appeals for Hamilton County.

Herbert, Judge.

1. Sections 2945.71 to 2945.73, inclusive, Revised Code, which prescribe the period of time a person may be detained in jail or held by recognizance without trial after an indictment or information has been returned, are valid legislative enactments, the provisions of which are mandatory and must be strictly complied with by the state.

2. Where an accused was in jail at the time an indictment was returned against him and was thereafter detained in jail solely because of that indictment and without any trial thereon for a continuous period of more than two terms of court after the term in which that indictment was presented, where such accused filed an application in the latter of such terms, and also in the succeeding term, to be discharged because of such detention, where no continuance of the cause was had on such accused's motion and no delay was caused by any act of such accused, and where the state does not contend that it had used any reasonable effort to procure or been unable to obtain material evidence for the state in time for trial within such two terms after the term in which such indictment was presented, such accused is entitled to discharge from any further prosecution under such indictment. (State v. Cunningham, 171 OhioSt. 54; Johnson v. State, 42 OhioSt. 207; and Irwin v. State, 29 Ohio St. 186, distinguished.)

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, O'Neill, Griffith and Gibson, JJ., concur.